**Gregory T. Lusby**, OSB # 933490
glusby@agsprp.com
**Aaron J. Noteboom**, OSB #040051
anoteboom@agsprp.com
Arnold Gallagher PC
800 Willamette Street, Suite 800
Eugene, Oregon 97401-2296
541-484-0188 Telephone
541-484-0536 Fax
    *Of Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **TEEN CHALLENGE INTERNATIONAL PACIFIC NORTHWEST CENTERS**, an Oregon non-profit religious corporation,<br><br>Plaintiff,<br><br>v.<br><br>**LANE COUNTY**, a municipal corporation and political subdivision of the State of Oregon,<br><br>Defendant. | Case No.  6:13-cv-00567-AA<br><br>**CONSENT DECREE** |

**INTRODUCTION:**

1.  Plaintiff Teen Challenge International Pacific Northwest Centers ("Teen Challenge") is an Oregon non-profit, religious corporation which owns and operates faith based group care homes for disabled persons endeavoring to overcome addiction to drugs or alcohol.

2.  Defendant Lane County ("Lane County" or "County") is a municipal corporation and a political subdivision of the State of Oregon and is responsible for

enacting and enforcing certain land use regulations which regulate group care homes for disabled persons.

3. In 2007, Teen Challenge purchased real property in Lane County, Oregon commonly known as 85989 Bailey Hill Road, Map 18-04-21, Tax Lot 224 ("Property").

4. In October 2008, Teen Challenge advised the County of its intent locate a group care home for 20 disabled women and their minor children on the Property.

5. In January 2009 Lane County advised Teen Challenge that under Section 16.290(4)(b) of the County's land use code ("Lane Code" or "LC"), Teen Challenge was required to obtain a special use permit ("SUP") because the group care home would house more than five unrelated, disabled persons for the purpose of providing an alcohol and drug addiction treatment program and services.

6. At the direction of Lane County, Teen Challenge filed an SUP application on March 19, 2009.

7. Lane County approved the SUP application on January 26, 2010, and September 26, 2010.

8. Several opponents including those whose property lay uphill from Teen Challenge's Property filed multiple appeals to the County's approval arguing that Teen Challenge failed to demonstrate compliance with LC 16.290(5)(c) which provides in relevant part that the, "proposed use and development shall not exceed the carrying capacity of the soil . . . [.]"

9. In response to the opponents' challenges, Teen Challenge submitted the written approval of the County sanitarian authorizing Teen Challenge to use the installed septic system for a 20 person group care home with 3 additional beds for

2 – **CONSENT DECREE**

ARNOLD GALLAGHER P.C.
800 Willamette St., Suite 800
Eugene, Oregon 97401
Telephone: 541.484.0188
Fax 541.484.0536

facility staff. Pursuant to Oregon law, the County sanitarian is the local agent of the Department of Environmental Quality ("DEQ") who is charged with determining whether a septic system is suitable for the proposed use and development.

10. Notwithstanding the County sanitarian's approval, Lane County's hearings official ultimately denied the SUP application on September 20, 2012, finding that Teen Challenge had not met the carrying capacity standard of Lane Code 16.290(5)(c). The County affirmed that decision on November 5, 2012.

11. In light of the County's denial, on January 23, 2013 Teen Challenge wrote to the County and made the following request for reasonable accommodation:

> [that] Lane County . . . waive[] the requirement that Teen Challenge seek and obtain a special use permit under the provisions of the Lane Code to construct, operate and maintain a group care home for disabled individuals and that such use is allowed as an outright permitted use on the . . . Property; provided, however, that not more than twenty (20) persons shall reside on the . . . Property at any one time.

12. Teen Challenge advised the County that it would file this suit, if the County did not act on its request by March 15, 2013.

13. Lane County did not act on Teen Challenge's request and on April 3, 2013, Teen Challenge filed this suit wherein Teen Challenge alleged a number of claims under both state and federal law including claims under 42 USC § 3613 for violations of the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988 ("FHAA").

14. Since filing its SUP application, Teen Challenge alleges it has spent the following amounts seeking approval of its proposed group care home:

| | |
|---|---|
| Arnold, Gallagher PC | $130,385.00 |
| Boeger & Associates | $20,223.00 |
| EGR & Associates | $2,065.00 |

3 – **CONSENT DECREE**

| | |
|---|---|
| Greensuns | $1,170.00 |
| Lane County LMD | $3,812.00 |
| <u>SaniTech Consulting</u> | <u>$1,192.50</u> |
| TOTAL | $158,847.00 |

**15.**   To be economically viable, Teen Challenge must house more than five unrelated disabled persons on the Property, and as a result of not being able to house a sufficient number of disabled residents on the Property, Teen Challenge alleges it has incurred $338,033 in operating losses to date.

**16.**   In addition to seeking its attorney fees and actual damages as stated herein above, Teen Challenge's complaint seeks punitive damages against the County in an amount to be determined at trial.

### APPLICABLE LAW

**17.**   Under 42 USC 3604(f)(3)(B) of the FHAA, a local government is required to make reasonable accommodation to its rules, policies, practices or services when such accommodation is necessary to afford a person with a disability an equal opportunity to use and enjoy a dwelling.

**NOW, THERFORE, in resolution of this action and with the agreement and consent of Teen Challenge and Lane County, it is hereby ORDERED, AJUDGED, and DECREED:**

### JURISDICTION

**18.**   This Court has jurisdiction over the parties and subject matter of this action and the Court has the authority to enforce and administer the terms of this Consent Decree.

**19.**   This Consent Decree takes effect immediately upon its entry by the Court. This Court retains jurisdiction to enforce the terms of the Consent Decree and to decide

**4 – CONSENT DECREE**

matters arising under this Consent Decree between Lane County and Teen Challenge as more particularly set forth herein.

## GRANT OF REASONABLE ACCOMMODATION

20. Pursuant to its obligations under the FHAA, Lane County shall grant to Teen Challenge reasonable accommodation on the following terms and conditions:

   a) Teen Challenge is authorized to locate, develop, construct, operate and maintain a group care home for more than five unrelated, disabled, female residents on the Property subject to the requirements and limitations of this Consent Decree. Lane County agrees that the FHAA requires Lane County to waive the strict application of the Lane Code, including LC 16.290(5)(c), as a reasonable accommodation provided that public health and safety can be assured through the monitoring process set forth in this Consent Decree. Lane County finds that this process strikes the appropriate balance between the housing rights of the disabled and public health and safety. No land use application, approval or other process (e.g. special use permit or land use compatibility statement) is required except that Teen Challenge must obtain appropriate building permits as may be required of a single family residence, and obtain any DEQ permits as may be required.

   b) Lane County is enjoined from enforcing its code, or otherwise taking any action against Teen Challenge that is inconsistent with the terms of this Consent Decree.

ARNOLD GALLAGHER P.C.
800 Willamette St., Suite 800
Eugene, Oregon 97401
Telephone: 541.484.0188
Fax 541.484.0536

c) Not more than 20 persons (including disabled residents and their minor children) and 3 on-site facility staff shall reside on the Property at any one time.

d) The number of disabled persons (including their minor children) and staff residing on the Property shall be phased in as follows:

   i. Upon entry of this Consent Decree, 12 persons and 3 staff.

   ii. Six months after entry of this Consent Decree, 16 persons and 3 staff.

   iii. Twelve months after entry of this Consent Decree, 20 persons and 3 staff.

e) Teen Challenge shall notify Lane County once there are 12 disabled persons (including their minor children) residing on the Property, 16 disabled persons (including their minor children) residing on the Property and 20 disabled persons (including their minor children) residing on the Property. Within 60 days of notification, Lane County shall, at its sole cost and expense, have its County sanitarian inspect the septic system on the Property, including conducting such tests as the sanitarian deems appropriate, to ensure that the septic system is functioning properly and in accordance with any applicable DEQ regulations. Thereafter, the County sanitarian may, at his or her discretion, annually inspect the septic system during the remainder of the 36 month period following entry of this Consent Decree to ensure that the septic system is functioning properly. In the event that upon inspection the sanitarian determines the septic

6 – CONSENT DECREE

ARNOLD GALLAGHER P.C.
800 Willamette St., Suite 800
Eugene, Oregon 97401
Telephone: 541.484.0188
Fax 541.484.0536

system is not functioning properly, Teen Challenge will timely implement, at its sole cost and expense, any reasonable requests of the County sanitarian. In the event that the County sanitarian has cause to think that the strength of the facility's wastewater has or will exceed residential strength, the County sanitarian will forward relevant findings to DEQ for DEQ's independent evaluation. Teen Challenge agrees to cooperate with DEQ's evaluation and to pursue any actions DEQ reasonably deems are warranted, including without limitation additional monitoring, system improvements or additions, or filing an application for any permits DEQ deems necessary, including a WPCF permit.

f) Teen Challenge shall verify the number of persons residing on the Property by forwarding to the Court under seal a confidential roster of residents and staff with the first such roster due six months after entry of this Consent Decree and another roster due each six months thereafter for a period of 36 months following entry of this Consent Decree. The Court may personally inspect the Property to ensure compliance with the limitation on number of residents during the 36 month reporting period upon reasonable, advance notification to Teen Challenge.

g) Under the specific facts of this case, the County acknowledges and agrees that the foregoing reasonable accommodation does not impose an undue financial or administrative burden on the County or fundamentally change or alter the nature of the County's Rural Residential Zone (RR5-acre minimum/RCP) and is necessary to afford disabled persons an

7 – **CONSENT DECREE**

ARNOLD GALLAGHER P.C.
800 Willamette St., Suite 800
Eugene, Oregon 97401
Telephone: 541.484.0188
Fax 541.484.0536

equal opportunity to reside in a dwelling and to comply with the County's obligations under the FHAA.

### PAYMENT OF DAMAGES, COSTS AND FEES

**21.** Except as provided by further order of the Court pursuant to Paragraph 29 below of this Consent Decree, Teen Challenge and Lane County shall each bear its own costs and attorney fees in this action and Teen Challenge shall take nothing on its claims for damages.

**22.** This Consent Decree does not release, satisfy or otherwise discharge, waive or nullify any claims and damages Teen Challenge may have against any other party including against any person who has or may intervene in this matter or who may otherwise attempt to interfere with the enforcement of this Consent Decree and Teen Challenge's rights hereunder or under applicable state and federal law.

### ENFORCEMENT OF CONSENT DECREE

**23.** The Court conducted a judicial settlement conference on September 4, 2013 and September 11, 2013 where the Court met with both Teen Challenge and Lane County. The Court further met with the neighbors Al and Patricia Phillips and their legal counsel on September 11, 2013. After having met with the aforementioned parties and heard their concerns, having reviewed the record herein, and having considered the strength of the Plaintiff's case; risk, expense, complexity and possible duration of continued litigation; relief offered in settlement; extent of discovery already completed; stage of proceedings; experience and views of counsel, the Court finds that the Consent Decree is fundamentally fair, adequate and reasonable, conforms to applicable law and that there has been valid consent by Teen Challenge and Lane County.

8 – CONSENT DECREE

ARNOLD GALLAGHER P.C.
800 Willamette St., Suite 800
Eugene, Oregon 97401
Telephone: 541.484.0188
Fax 541.484.0536

24. This Consent Decree shall be entered as a judgment in favor of Teen Challenge and against Lane County.

25. Teen Challenge and Lane County agree to use their best efforts to effectuate the purposes of this Consent Decree.

26. In the event of any disagreement or dispute between the County and Teen Challenge regarding the enforcement or interpretation of this Consent Decree, the parties shall first attempt to resolve the matter informally between themselves in good faith. If the parties are unable to resolve the dispute, then they may petition this Court for relief under the Court's continuing jurisdiction. The Court shall have all authority available to it to enforce any remedy at law or in equity including without limitation an order requiring performance or refraining of such act as may be required to effectuate the purpose of this Consent Decree.

27. This Consent Decree shall be binding on and inure to the benefit of the parties hereto and their respective successors and assigns.

28. This Consent Decree does not create or confer upon any third party any rights or remedies.

29. If any suit, action, motion or petition is filed by Teen Challenge or Lane County to enforce this Consent Decree or otherwise with respect to the subject matter of this Consent Decree, the prevailing party, to the extent allowed by the Oregon Constitution, shall be entitled to recover reasonable attorney's fees, witness fees (including expert witnesses) and costs incurred in preparation or in prosecution or defense of such suit, action, motion or petition as fixed by the trial court, and if any

9 – CONSENT DECREE

ARNOLD GALLAGHER P.C.
800 Willamette St., Suite 800
Eugene, Oregon 97401
Telephone: 541.484.0188
Fax 541.484.0536

appeal is taken from the decision of the trial court, reasonable attorney's fees, witness fees (including expert witnesses) and costs as fixed by the appellate court.

30. Except for an appeal arising from the decision of the Court with respect to the appeal of a suit, action, motion or petition to enforce the Consent Decree filed in accordance with Paragraph 29 above, this Consent Decree may not be appealed by either party.

31. The parties agree that the remedy at law for any breach or threatened breach by Teen Challenge or Lane County may, by its nature, be inadequate, and that the other party may be entitled, in addition to damages, to a contempt order, a restraining order, temporary and permanent injunctive relief, specific performance, and other appropriate equitable relief, without showing or proving that any monetary damage has been sustained.

32. Teen Challenge and Lane County each agrees (a) to execute and deliver such other documents and (b) to do and perform such other acts and things, as any other party may reasonably request, in order to carry out the intent and accomplish the purposes of this Consent Decree.

33. Time is of the essence with respect to all dates and time periods set forth or referred to in this Consent Decree.

34. This Consent Decree cannot be changed, modified or varied except by written instrument duly executed by both Teen Challenge and Lane County and approved in writing by the Court.

35. The failure of either Teen Challenge or Lane County to insist on strict performance of this Consent Decree by the other, shall not be construed as a waiver of

10 – CONSENT DECREE

ARNOLD GALLAGHER P.C.
800 Willamette St., Suite 800
Eugene, Oregon 97401
Telephone: 541.484.0188
Fax 541.484.0536

the right to insist on such performance and no waiver by either Teen Challenge or Lane County to any breach by the other to any provision of this Consent Decree shall be deemed a waiver of any other prior or subsequent breach.

36. Teen Challenge and Lane County each acknowledge and agree that this Consent Decree represents their voluntary act.

SO ORDERED this 21 day of October, 2013

_____
MICHAEL J. MCSHANE, Judge
United States District Court

The undersigned hereby apply for and consent to the entry of this Consent Decree and judgment in favor of Teen Challenge.

For Plaintiff Teen Challenge:

_____
Gregory P. Lusby, OSB # 933490
glusby@agsprp.com
Aaron J. Noteboom, OSB #040051
anoteboom@agsprp.com
(541) 484-0188 Telephone

For Defendant Lane County:

_____
H. Andrew Clark, OSB #881818
andy.clark@co.lane.or.us
(541) 682-4442 Telephone

11 – CONSENT DECREE